**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT LEE JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. PATTERSON, ET AL.,<br><br>　　　　　Defendants. | Case No. ED CV 25-2912-RGK(E)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

For the reasons discussed below, the Complaint is dismissed with leave to amend.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

**BACKGROUND**

Plaintiff, a state prisoner currently confined at the West Valley Detention Center ("WVDC"), filed this civil rights action on October 27, 2025.  The Complaint identifies the Defendants as:  Sergeant D. Patton; Deputy C. Davis; Deputy Forbes; Deputy Hayden; and Does 1 through 20.[1]  The Court granted Plaintiff in forma pauperis status on

---

[1] A plaintiff may name a fictitious defendant in his or her complaint if the plaintiff does not know the true identity of the defendant prior to the filing of the complaint.

November 4, 2025.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

The Complaint alleges:

In June of 2023, Plaintiff was transferred from state prison to WVDC in connection with post-conviction court proceedings. Plaintiff was assigned to Unit 5, a high security unit. "On September 14, 2025, Plaintiff was attacked by other inmates in [the] E-Tank dayroom area while deputies and sheriff's custody specialist were supervising the dayroom from their control tower." Defendants "failed to timely verbally and/or physically intervene" to protect Plaintiff. Defendants Davis, Forbes and Hayden were present during the incident, but "failed to use their weapons such as . . . pepper ball munitions, tasers, or other weapons, to timely stop said attacks, which resulted in serious injuries." "Defendants violated the Unit 5 'search protocols,' which would be the only way that an inmate could get the weapon allegedly used in said attack on September 14, 2025."

Defendants engaged in "a long pattern of facilitating inmate on inmate violence at WVDC" by: failing "to properly identify, classify and house Plaintiff and other inmates within Unit 5"; assigning "documented

---

Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). However, before the Court can order service of process by the United States Marshal upon any fictitious Defendant, Plaintiff must provide identifying information sufficient to permit the United States Marshal to effect service of process upon the Defendant, including the Defendant's full name and address.

and undocumented enemies" to the same housing units; failing to follow proper search protocols, which allowed inmates and "corrupt deputies" to bring weapons into Unit 5; and failing to "enforce policies and procedures designed to protect inmates." As a result of these actions and inactions, many Unit 5 inmates suffered serious assaults by other inmates. Defendants knew of the serious risks to inmate safety because "several inmates" filed grievances and citizen complaints "alleging that, prior to July 2025, some deputies were facilitating inmate on inmate violence and covering up said crimes, as evident from inmates grievances at WVDC."

Plaintiff asserts a claim for failure to protect him from the attack by other inmates. Plaintiff seeks compensatory and punitive damages.

(Complaint, pp. 5-11).

## DISCUSSION

I. **The Complaint Does Not Comply With Rule 8 of the Federal Rules of Civil Procedure.**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted; original ellipses). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Conclusory allegations are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009).

///

"Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (citations and quotations omitted); see Ashcroft v. Iqbal, 556 U.S. at 678 (a plaintiff must allege more than an "unadorned, the-defendant-unlawfully-harmed me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do") (citations and quotations omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. at 678 (citation and internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

The Complaint fails to comply with Rule 8. Plaintiff's generalized and conclusory allegations of alleged wrongdoing do not suffice. See Ashcroft v. Iqbal, 556 U.S. at 678, 686. In particular, Plaintiff fails to allege what each Defendant did or did not do to violate Plaintiff's rights. To state a cognizable section 1983 claim, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999). A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory. . . ." McHenry v. Renne, 84 F.3d at 1178; see also Bonnette v. Dick, 2020 WL 3412733, at *3 (E.D. Cal. June 22, 2020) (allegations insufficient where they "fail to adequately describe

4

specific actions taken by each of the defendants named in the complaint"); Moreno v. Penzone, 2020 WL 1047068, at *2 (D. Ariz. March 4, 2020) ("To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.") (citation omitted); Chevalier v. Ray and Joan Kroc Corps. Cmty. Ctr., 2012 WL 2088819, at *2 (N.D. Cal. June 8, 2012) (complaint that failed to "identify which wrongs were committed by which Defendant" insufficient). Plaintiff has not asserted facts adequately describing the actions allegedly taken by each Defendant. Plaintiff also has not alleged facts plausibly demonstrating an affirmative link between each Defendant's alleged actions and any claimed injury to Plaintiff. Again, conclusory allegations do not suffice. See Ashcroft v. Iqbal, 556 U.S. at 678.

## II. The Complaint Does Not Sufficiently Allege a Claim Against Any Supervisory Defendant.

Plaintiff may not sue a supervisor for violation of a constitutional right on a theory of respondeat superior. See Ashcroft v. Iqbal, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). A supervisor "is only liable for his or her own misconduct," and is not "accountable for the misdeeds of [his or her] agents." Id. at 677. Mere knowledge of a subordinate's alleged misconduct is insufficient. Id. Thus, a constitutional claim against a government official must allege facts showing the official's personal involvement with the constitutional deprivation or a causal connection between each defendant and the constitutional deprivation. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011), cert. denied, 566 U.S. 982 (2012); Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991). The Complaint does not sufficiently allege such facts with respect to any supervisory defendants. For example, Plaintiff alleges that Defendant

Patton "and others" failed to train and supervise deputies regarding proper searches and did not enforce "policies and procedures designed to protect inmates" (Complaint, p. 6). These vague and conclusory allegations do not plausibly demonstrate the personal involvement of Defendant Patton or any other supervisor in the alleged constitutional deprivations.

### III. The Complaint Does Not State an Eighth Amendment Deliberate Indifference Claim.[2]

"The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates." Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015) (citing Farmer v. Brennan, 511 U.S. 825, 833 (1994)). Prison officials can violate the Constitution if they are "deliberately indifferent" to a serious risk of harm to the inmate. See Farmer v. Brennan, 511 U.S. at 834; Estelle v. Gamble, 429 U.S. 97, 104 (1976); Cortez v. Skol, 776 F.3d at 1050. To be liable for "deliberate indifference," a prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837. Allegations of negligence do not suffice. Estelle v. Gamble, 429 U.S. at 105-06; Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." Farmer v. Brennan, 511 U.S. at 838. "A prison official's deliberate

---

[2] Plaintiff cites both the Eighth and Fourteenth Amendments in support of his "failure to protect" claim (see Complaint, p. 5). However, Plaintiff evidently is a convicted prisoner who was transferred from state prison to WVDC for post-conviction court proceedings (see id.). Thus, Plaintiff's deliberate indifference claim arises under the Eighth Amendment, rather than the Fourteenth Amendment. See Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016), cert. denied, 580 U.S. 1099 (2017) (prisoners who suffer injuries while in custody may seek relief "under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause").

6

1 indifference may be established through an 'inference from circumstantial evidence' or
2 'from the very fact that the risk was obvious.'" Cortez v. Skol, 776 F.3d at 1050 (quoting
3 Farmer v. Brennan, 511 U.S. at 842).

5   The Complaint does not contain sufficient factual allegations plausibly
6 demonstrating that any Defendant subjectively perceived, but disregarded, a substantial
7 risk of serious harm to Plaintiff. Plaintiff's general allegations regarding inmate
8 classification, failure to follow search protocols, failure to follow other unidentified
9 "policies and procedures," and a generally asserted history of inmate violence in Unit 5
10 do not suffice. For example, Plaintiff alleges that Defendants allowed "documented and
11 undocumented enemies to live in the same tanks on July 19, 2025, and September 14,
12 2025, which has resulted in several incidents in the past in Unit 5" (Complaint, p. 7).
13 However, it is unclear how the alleged cohabitation of documented and undocumented
14 enemies related to the attack on Plaintiff.

16   Plaintiff also has not alleged facts plausibly demonstrating that any Defendant
17 acted with deliberate indifference by failing to intervene during the attack on Plaintiff.
18 Plaintiff asserts that Defendants Davis, Forbes and Hayden were present during the
19 attack, but did not employ their weapons to stop the attack in a "timely" manner (id., pp.
20 7-8). However, Plaintiff fails to provide sufficient details regarding the attack from which
21 it can be plausibly inferred that the response of Defendants Davis, Forbes and Hayden
22 to the attack betrayed actionable deliberate indifference. Plaintiff's conclusory
23 allegations do not suffice. See Ashcroft v. Iqbal, 556 U.S. at 678; see also Torbert v.
24 Gore, 2015 WL 9582911, at *3 (S.D. Cal. Nov. 10, 2015), adopted, 2015 WL 9581837
25 (S.D. Cal. Dec. 30, 2015) (prisoner's allegation that guards saw but failed to intervene in
26 violent attack, without more, insufficient to state a deliberate indifference claim);
27 Latourette v. Washington Dep't of Corr., 2014 WL 5450016, at *8 (W.D. Wash. Aug. 25,
28

7

2014), adopted, 2014 WL 5450067 (W.D. Wash. Oct. 23, 2014) (summary judgment denied where circumstantial evidence could lead a factfinder to conclude that prison official acted with deliberate indifference where prison official failed to intervene in fight for "considerable period of time," despite knowledge of substantial risk of harm; however, "[c]orrectional officers are not deliberately indifferent if the officers fail to intervene with due regard [to] their own safety"); Montes v. California, 2014 WL 3519179, at *4 (C.D. Cal. May 1, 2014), adopted, 2014 WL 3529424 (C.D. Cal. Jul. 10, 2014) (allegations that officer who responded to inmate fight by yelling "stop" and calling for backup, but did not use mace, insufficient to state claim for deliberate indifference; officers not required to intervene if doing so would endanger their own safety); Hahn v. Murphy, 2011 WL 9378180, at *27 (C.D. Cal. Sep. 23, 2011), adopted, 2012 WL 5456385 (C.D. Cal. Nov. 1, 2012) ("It is well settled that an unarmed prison official has no constitutional obligation to intervene in an armed assault on an inmate when doing so would endanger his own safety.").

**ORDER**

The Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint. Any First Amended Complaint shall be complete in itself and shall not refer in any manner to the original Complaint. Plaintiff may not add defendants without leave of Court. See Fed. R. Civ. P. 21. Failure timely to file a First Amended Complaint in conformity with this Order may result in the dismissal of the action. See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behav. Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft

Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (en banc) (affirming dismissal without leave to amend where plaintiff failed to correct complaint's deficiencies, court had afforded plaintiff opportunities to do so, and court had given plaintiff notice of the substantive problems with his claims); Plumeau v. Sch. Dist. No. 40, County of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave of amend appropriate where further amendment would be futile).

IT IS SO ORDERED.

DATED: November 20, 2025.

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

PRESENTED this 17th day of November, 2025 by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE